1  ANDRÉ BIROTTE JR.
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   MARK A. WILLIAMS (Cal. Bar No. 239351)
4  Assistant United States Attorney
   Environmental Crimes Section
5       1300 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone:  (213) 894-3359
7       Facsimile:  (213) 894-6436
        E-mail:  mark.a.williams@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13  UNITED STATES OF AMERICA,        )   Case No. **CR10-00753**
                                     )
14              Plaintiff,           )   RULE 11 (C)(1)(C) SPECIFIED
                                     )   SENTENCE PLEA AGREEMENT FOR
15              v.                   )   DEFENDANT CALDERWOOD RUBBER
                                     )   AND PLASTIC, INC.
16  MITCHELL CASE CALDERWOOD, and    )
    CALDERWOOD RUBBER AND            )   [CLASS A MISDEMEANOR]
17      PLASTIC, INC.,               )
                                     )
18              Defendants.          )
                                     )
19

20       1.  This constitutes the binding plea agreement between

21  defendant CALDERWOOD RUBBER AND PLASTIC, INC. ("defendant"), and

22  the United States Attorney's Office for the Central District of

23  California ("the USAO") in the above-captioned case.  This

24  agreement is limited to the USAO and cannot bind any other

25  federal, state or local prosecuting, administrative or

26  regulatory authorities.

27       2.  The parties expressly agree that this Agreement is

28  entered into and is to be controlled by Federal Rule of Criminal

1  Procedure 11(c)(1)(C). The USAO and defendant understand and
2  agree that: (a) if the Court accepts this Agreement, the parties
3  are bound by the terms of the Agreement; and (b) if the Court
4  does not accept this Agreement, any party may withdraw from the
5  Agreement and defendant may withdraw its plea of guilty. The
6  parties request that the Court accept this Agreement at the time
7  of the entry of the guilty plea.

8                    PLEA TO INFORMATION

9      3.  Defendant agrees to plead guilty to a single-count
10 misdemeanor Information in the form attached to this agreement
11 or a substantially similar form.

12              CORPORATE AUTHORIZATION

13     4.  Defendant represents that it is authorized to enter
14 into this Agreement. On or before the date of entry of the Plea
15 Agreement, defendant shall provide to the USAO and the Court a
16 notarized legal document certifying that defendant corporation
17 is authorized to enter into and comply with all of the
18 provisions of this Plea Agreement. Such corporate resolution
19 shall designate a corporate representative who is authorized to
20 take the actions specified in this Plea Agreement, and shall
21 also state that all legal formalities for such authorizations
22 have been observed.

23        ORGANIZATIONAL CHANGES AND APPLICABILITY

24     5.  This Agreement shall bind defendant, its successor
25 entities if any, and any other person or entity that assumes the
26 liabilities contained herein ("successors-in-interest").
27 Defendant, or its successors-in-interest, if applicable, shall
28 provide the USAO and the United States Probation Office for the

                              2

1  Central District of California with immediate notice of any name

2  change, business reorganization, sale or purchase of assets,

3  divestiture of assets, or similar action impacting their ability

4  to pay the fine or affecting this Agreement. No change in name,

5  change in corporate or individual control, business

6  reorganization, change in ownership, merger, change of legal

7  status, sale or purchase of assets, or similar action shall

8  alter defendant's responsibilities under this Agreement.

9  Defendant shall not engage in any action to seek to avoid the

10  obligations and conditions set forth in this Agreement.

11                           NATURE OF THE OFFENSE

12       6.   The parties stipulate and agree that under well-

13  established principles of corporate liability and respondeat

14  superior, as these principles apply in this case, defendant is

15  liable for the actions of its agents and employees. New York

16  Central and Hudson River R.R. v. United States, 212 U.S. 481,

17  495 (1909); United States v. Beusch, 596 F.2d 871, 877 (9th Cir.

18  1979); United States v. Hilton Hotels Corp., 467 F.2d 1000,

19  1004-07 (9th Cir. 1972).

20       7.   In order for defendant to be guilty of the sole count

21  of the Information, which charges a violation of 33 U.S.C.

22  §§ 1311(a), 1319(c)(1)(A) (Negligent Discharge of Pollutants

23  into Waters of the United States), the following must be true:

24  (1) defendant negligently discharged; (2) pollutants, namely

25  wastewaters containing Acclaim Polyol 2220N and PolyTHF 1000

26  Polyether; (3) from a point source, namely a storm drain; (4)

27  into a tributary of waters of the United States, namely San

28  Pedro Creek; (5) without or in violation of a permit. Defendant

                                    3

1  admits that defendant is, in fact, guilty of this offense as

2  described in the Information.

3                          PENALTIES

4       8.   The statutory maximum sentence that the Court can

5  impose for a violation of 33 U.S.C. §§ 1311(a), 1319(c)(1)(A),

6  is: a five-year term of probation; a fine of not less than

7  $2,500, but not more than $200,000 or twice the gross gain or

8  gross loss resulting from the offense, whichever is greatest;

9  and a mandatory special assessment of $125.

10              PAYMENT OF FINE AND RESTITUTION

11      9.   Defendant and the USAO agree that a criminal fine of

12  $2,500 (two thousand five hundred dollars) is appropriate in

13  this case pursuant to United States Sentencing Guidelines

14  section 5E1.2 and 18 U.S.C. § 3553(a).  The criminal fine shall

15  be paid in full by a cashier's check (or equivalent) within 90

16  days of sentencing, and shall be made payable to the Clerk of

17  the United States District Court.

18      10.  Defendant understands and agrees that defendant shall

19  pay $18,000 (eighteen thousand dollars) in restitution to the

20  United States Coast Guard for costs incurred in responding to,

21  sampling, cleaning up, and analyzing the discharge of the

22  pollutants at issue in this matter.  Defendant and defendant

23  MITCHELL CASE CALDERWOOD shall be jointly and severally

24  responsible for the full restitution amount.  Defendant further

25  agrees that defendant will not seek the discharge this

26  obligation, in whole or in part, in any present or future

27  bankruptcy proceeding.  Defendant further agrees to pay the

28  restitution listed above within 90 days of sentencing.

                             4

1    SUSPENSION/REVOCATION/DEBARMENT

2        11.  Defendant understands that if defendant holds any

3   regulatory licenses or permits, the convictions in this case may

4   result in the suspension or revocation of those licenses and

5   permits.  By this Agreement, the USAO makes no representation or

6   promise concerning suspension or debarment of defendant from

7   contracting with the United States or with any office, agency,

8   or department thereof.  Suspension and debarment of

9   organizations convicted under various federal environmental

10  protection and criminal statutes is a discretionary

11  administrative action solely within the authority of the federal

12  contracting agencies.

13                    FACTUAL BASIS

14       12.  Defendant and the USAO agree and stipulate to the

15  statement of facts provided below.  This statement of facts is

16  sufficient to support a plea of guilty to the charge described

17  in this agreement.  It is not meant to be a complete recitation

18  of all facts relevant to the underlying criminal conduct or all

19  facts known to either party that relate to that conduct.

20            a.  Defendant is a corporation located at 336 South

21  Fairview Avenue, Goleta, California, 93117 (the "Goleta

22  Location").  Defendant manufactures dental products, including

23  barriers and device holders that are placed in a patient's mouth

24  during dental procedures.  As part of the manufacturing process,

25  MITCHELL CASE CALDERWOOD ("Calderwood"), an officer and director

26  of defendant, would create a release agent by mixing various

27  chemicals at the Goleta Location.  Calderwood stored the release

28  agent and chemicals in blue barrels at the Goleta Location.

5

1           b.   Calderwood knew that the barrels of chemicals

2 that he stored at the Goleta Location contained, among other

3 things, Acclaim Polyol 2220N and PolyTHF 1000 Polyether.  These

4 chemicals are "pollutants" as that term is defined in Title 33,

5 United States Code, Section 1362(6).

6           c.   In 2005, Calderwood provided a written response

7 to the Goleta Sanitary District indicating that defendant did

8 not discharge any pollutants.

9           d.   On or about April 23, 2009, Calderwood knowingly

10 used a hose to empty dry residue from the bottom of the barrels

11 at the Goleta Location into the storm drain located in the

12 driveway.  In doing so, defendant negligently discharged Acclaim

13 Polyol 2220N and PolyTHF 1000 Polyether into the storm drain.

14 The storm drain empties into San Pedro Creek, which the parties

15 agree is a tributary of waters of the United States, namely

16 Goleta Slough and the Pacific Ocean.

17          e.   When defendant negligently discharged the

18 pollutants into the storm drain, defendant did not have, and

19 knew that it did not have, a permit authorizing the discharge of

20 any pollutants.

21                   WAIVER OF CONSTITUTIONAL RIGHTS

22    13.  By pleading guilty, defendant gives up the following

23 rights:

24          a.   The right to persist in a plea of not guilty.

25          b.   The right to a speedy and public trial by jury.

26          c.   The right to the assistance of legal counsel at

27 trial, including the right to have the Court appoint counsel for

28 defendant for the purpose of representation at trial.  (In this

1   regard, defendant understands that, despite his plea of guilty,

2   he retains the right to be represented by counsel -- and, if

3   necessary, to have the court appoint counsel if defendant cannot

4   afford counsel -- at every other stage of the proceeding.)

5          d.    The right to be presumed innocent and to have the

6   burden of proof placed on the government to prove defendant

7   guilty beyond a reasonable doubt.

8          e.    The right to confront and cross-examine witnesses

9   against defendant.

10         f.    The right, if defendant wished, to testify on

11  defendant's own behalf and present evidence in opposition to the

12  charges, including the right to call witnesses and to subpoena

13  those witnesses to testify.

14         g.    The right not to be compelled to testify, and, if

15  defendant chose not to testify or present evidence, to have that

16  choice not be used against defendant.

17        By pleading guilty, defendant also gives up any and all

18  rights to pursue any affirmative defenses, Fourth Amendment or

19  Fifth Amendment claims, and other pretrial motions that have

20  been filed or could be filed.

21                        SENTENCING FACTORS

22        14.   Defendant understands that the Court is required to

23  consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),

24  including the kinds of sentence and sentencing range established

25  under the United States Sentencing Guidelines ("U.S.S.G." or

26  "Sentencing Guidelines"), in determining defendant's sentence.

27  Defendant further understands that the Sentencing Guidelines are

28  advisory only, and that after considering the Sentencing

7

1 | Guidelines and the other § 3553(a) factors, the Court may be
2 | free to exercise its discretion to impose any reasonable
3 | sentence up to the maximum set by statute for the crime of
4 | conviction.
5 | SENTENCING AGREEMENT
6 | 15. Pursuant to Federal Rule of Criminal Procedure
7 | 11(c)(1)(C), the USAO and defendant agree that a $2,500 criminal
8 | fine and restitution in the amount of $18,000 represent an
9 | appropriate sentence in this case. Pursuant to U.S.S.G.
10 | §§ 8D1.1 and 8D1.2 and the factors set forth in 18 U.S.C.
11 | § 3553(a), including the nature and circumstances of the offense
12 | and the history and characteristics of the defendant, the need
13 | for the sentence imposed to reflect the seriousness of the
14 | offense, to promote respect for the law, to provide just
15 | punishment for the offense, and to afford adequate deterrence to
16 | criminal conduct, defendant shall be sentenced as follows:
17 | a. Defendant shall pay a criminal fine of $2,500 as
18 | to the count of conviction. The criminal fine shall be paid by
19 | a cashier's check (or equivalent) payable to the Clerk of the
20 | United States District Court within 30 days of the sentencing
21 | hearing.
22 | b. Defendant agrees to pay to the Clerk of the
23 | United States District Court on the date of sentencing (or as
24 | soon as the Court is able to accept the payment) the mandatory
25 | special assessment of $125 pursuant to 18 U.S.C.
26 | § 3013(a)(1)(B)(iii).
27 | c. Defendant agrees to pay $18,000 in restitution to
28 | the United States Coast Guard for costs incurred in responding

8

1  to, sampling, cleaning up, and analyzing the discharge of the
2  pollutants at issue in this matter.  Defendant and defendant
3  MITCHELL CASE CALDERWOOD shall be jointly and severally
4  responsible for the full restitution amount.  Such restitution
5  shall be made by certified check or equivalent and delivered to
6  the USAO within 180 days of the sentencing hearing.  Defendant
7  further agrees that defendant will not seek the discharge of any
8  restitution obligation, in whole or in part, in any present or
9  future bankruptcy proceeding.

10      16.  Pursuant to FRCP 32(c)(1)(A)(ii), the parties request
11  that the Court waive the preparation of a presentence report in
12  this matter.  The parties further request that the Court
13  sentence defendant at the time the guilty plea to the
14  Information is entered

15      17.  In the event that the Court defers acceptance or
16  rejection of this specified sentence plea until it has reviewed
17  the presentence report in this case, pursuant to Federal Rule of
18  Criminal Procedure 11(c)(3)(A), both defendant and the USAO are
19  free to:  (a) supplement the facts stipulated to in this
20  Agreement by supplying relevant information to the United States
21  Probation Office and the Court; and (b) correct any and all
22  factual misstatements relating to the calculation of the
23  sentence.

24                    DEFENDANT'S OBLIGATIONS

25      18.  Defendant agrees that it will:

26          a.   Plead guilty as set forth in this agreement.

27          b.   Not knowingly and willfully fail to abide by all
28  sentencing stipulations contained in this agreement.

9

c.   Not knowingly and willfully fail to: (i) appear for all court appearances; (ii) surrender as ordered for service of sentence; (iii) obey all conditions of any bond; and (iv) obey any other ongoing court order in this matter.

d.   Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e.   Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f.   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

g.   Pay the $2,500 fine within 30 days of the sentencing hearing, and pay the $18,000 in restitution within 180 days of the sentencing hearing.

THE USAO'S OBLIGATIONS

19.   If defendant complies fully with all of defendant's obligations under this Agreement, the USAO agrees to abide by all sentencing stipulations contained in this Agreement.

BREACH OF AGREEMENT

20.   If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred,

10

then: (a) if defendant has previously entered a guilty plea, defendant will not be able to withdraw the guilty plea; and (b) the USAO will be relieved of all of its obligations under this agreement.

21. Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

b. Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

11

1    LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

2        22. Defendant gives up the right to appeal any sentence

3    imposed by the Court, including any fine and order of

4    restitution, and the manner in which the sentence is determined,

5    provided that the sentence is that agreed to in paragraph 15

6    above. Defendant also gives up any right to bring a post-

7    conviction collateral attack on the conviction or sentence,

8    including any order of restitution, fine, or community service,

9    except a post-conviction collateral attack based on a claim of

10   ineffective assistance of counsel, a claim of newly discovered

11   evidence, or an explicitly retroactive change in the applicable

12   sentencing statutes or statutes of conviction. Notwithstanding

13   the foregoing, defendant retains the ability to appeal the

14   conditions of probation imposed by the court, with the exception

15   of the standard conditions set forth in district court General

16   Orders 318 and 01-05.

17       23. The USAO gives up its right to appeal any sentence

18   imposed by the Court, including any order of restitution, fine,

19   or community service, provided that the sentence is that agreed

20   to in paragraph 15 above.

21                        SCOPE OF AGREEMENT

22       24. This Agreement applies only to crimes committed by

23   defendant. It has no effect on any proceedings against

24   defendant not expressly mentioned herein, and shall not preclude

25   any past, present, or future forfeiture actions or other civil

26   or criminal actions.

27       25. This Agreement does not prevent the USAO from

28   prosecuting any individual or other organization for any

                                12

1  offense, including the offenses charged in the Information.

2                    COURT NOT A PARTY

3        26.   The Court is not a party to this agreement and need

4  not accept any of the USAO's sentencing recommendations or the

5  parties' stipulations.

6                 NO ADDITIONAL AGREEMENTS

7        27.   Except as set forth herein, there are no promises,

8  understandings or agreements between the USAO and defendant or

9  defendant's counsel.  Nor may any additional agreement,

10  understanding or condition be entered into unless in a writing

11  signed by all parties or on the record in court.

12          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

13        28.   The parties agree and stipulate that this Agreement

14  will be considered part of the record of defendant's guilty plea

15  hearing as if the entire Agreement had been read into the record

16  of the proceeding.

17        This agreement is effective upon signature by defendant and

18  an Assistant United States Attorney.

19        AGREED AND ACCEPTED.

20  UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF CALIFORNIA
21
    ANDRÉ BIROTTE JR.
22  United States Attorney

23  _____          7-9-10
                                               Date
24  MARK A. WILLIAMS
    Assistant United States Attorney
25  Environmental Crimes Section

26

27        As an authorized representative of defendant CALDERWOOD

28  RUBBER AND PLASTIC, INC. ("defendant"), I have read this

                              13

1  Agreement and carefully discussed every part of it with the
2  attorney listed below. I understand the terms of this
3  Agreement, and I voluntarily agree to those terms. The attorney
4  listed below has advised me of defendant's rights, of possible
5  defenses, of the sentencing factors set forth in 18 U.S.C.
6  § 3553(a), of the Sentencing Guideline provisions, and of the
7  consequences of entering into this Agreement. No promises or
8  inducements have been made to me or defendant other than those
9  contained in this Agreement. No one has threatened or forced me
10 or defendant in any way to enter into this Agreement. Finally,
11 I am satisfied with the representation provided by the attorney
12 listed below.

13
14 _____        6-30-10
   SIGNATURE OF AUTHORIZED REPRESENTATIVE     Date
15 Name: _Mitchell Calderwood_____
16 Title: _President_____
17
   AUTHORIZED REPRESENTATIVE
18 Defendant CALDERWOOD RUBBER AND PLASTIC, INC.

19
20     I am defendant CALDERWOOD RUBBER AND PLASTIC, INC.'s,
21 attorney. I have carefully discussed every part of this
22 Agreement with the authorized representative of defendant whose
23 signature appears above as well as the appropriate officers and
24 directors of the company. Further, I have fully advised the
25 authorized representative of defendant's rights, of possible
26 defenses, of the sentencing factors set forth in 18 U.S.C.
27 § 3553(a), of the Sentencing Guidelines' provisions, and of the
28 consequences of entering into this Agreement. To my knowledge,

                              14.

1  the decision of defendant and its authorized representatives to
2  enter into this Agreement is an informed and voluntary one.
3
4  _____          June 19, 2010
                                        Date
5  GARY MEYER
   Counsel for Defendant
   CALDERWOOD RUBBER AND PLASTIC, INC.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                    15

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 10- |
| | ) | |
| Plaintiff, | ) | I N F O R M A T I O N |
| | ) | |
| v. | ) | [33 U.S.C. §§ 1311(a), |
| | ) | 1319(c)(1)(A): Negligent |
| MITCHELL CASE CALDERWOOD, and | ) | Discharge of Pollutants into |
| CALDERWOOD RUBBER AND | ) | Waters of the United States; |
| PLASTIC, INC., | ) | 18 U.S.C. § 2(b): Causing an |
| | ) | Act to be Done] |
| Defendants. | ) | |
| | ) | [CLASS A MISDEMEANOR] |
| | ) | |
| | ) | |

The United States Attorney charges:

On or about April 23, 2009, in Santa Barbara County, within the Central District of California, defendants MITCHELL CASE CALDERWOOD and CALDERWOOD RUBBER AND PLASTIC, INC., did negligently discharge, and cause the discharge of, pollutants, namely Acclaim Polyol 2220N and PolyTHF 1000 Polyether, from a point source, namely the storm drain located at 336 South Fairview Avenue, Goleta, California, into a tributary of waters of the United States, namely San Pedro Creek, without a permit

//

//

MAW:maw

1   issued by the United States Environmental Protection Agency or by

2   an authorized state agency.

ANDRÉ BIROTTE JR.
United States Attorney


*Christine C Ewell*


CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

JOSEPH O. JOHNS
Assistant United States Attorney
Chief, Environmental Crimes Section

MARK A. WILLIAMS
Assistant United States Attorney
Environmental Crimes Section

2

CERTIFICATE OF SERVICE

I, __Sandy Ear__, declare:

That I am a citizen of the United States that my business address is Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of California, at whose direction the service by fax and mail described in this Certificate was made; that on July 9, 2010, I deposited in the United States Courthouse at 312 North Spring Street, Los Angeles, California, in the above-entitled action, in an envelope, a copy of: `Rule 11(c)(1)(C) Specified Sentence Plea Agreement for Defendant Calderwood Rubber and Plastic, Inc.`

addressed to:   Gary Meyer, Esq.
Parker Milliken et al.
555 S. Flower Street, 30th Floor
Los Angeles, CA 90071

at his last  known address, at which place there is a delivery service by United States mail.

This Certificate is executed on July 9, 2010, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct and resident or employed in Los Angeles County, California.

SANDY EAR